The document below is hereby signed.

Signed: February 28, 2019



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAMES ROBINSON, | ) | Case No. 18-00602 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

<u>MEMORANDUM DECISION RE DEBTOR'S MOTION TO VACATE DISMISSAL ORDER</u>

The debtor failed timely to complete paying the filing fee pursuant to the court's order approving payment of the filing fee in installments. This led to the dismissal of the case on January 2, 2019. On January 28, 2019, the debtor completed paying the filing fee for this case. On February 6, 2019, the clerk entered an *Order Discharging Trustee and Closing Case*. On February 8, 2019, the debtor filed a *praecipe* (which I treat as a motion) requesting the court to reconsider the dismissal of the case in light of his having completed payment of the filing fee for the case.

The motion to vacate the dismissal order was filed soon enough after entry of the order of dismissal, and that dismissal was based on a failure to complete paying the filing fee, not

based on a ground raised by a creditor.  Creditors would not likely be harmed by a vacating of the dismissal order upon a reopening of the case.  Nevertheless, proceeding with caution, I will allow creditors to oppose the vacating of the dismissal order if the case is reopened.

Under 11 U.S.C. § 350(b), the case may be reopened to accord relief to the debtor, as is sought here.  Reopening would be necessary in order to rule on the motion to vacate the dismissal order and, if that motion is granted, to then grant the debtor a discharge.

For filing a motion to reopen a chapter 7 case, a fee is owed pursuant to Item 11 of the *Bankruptcy Court Miscellaneous Fee Schedule*, and "[t]he reopening fee must be charged when a case has been closed without a discharge being entered," although "[t]he court may waive this fee under appropriate circumstances . . . ."[1]

The *Bankruptcy Court Miscellaneous Fee Schedule* does not specify what constitutes appropriate circumstances.  An obvious purpose of the requirement that the reopening fee must be charged when a case has been closed without a discharge being entered was to address cases in which a debtor failed to file a certificate

---

[1] The *Bankruptcy Court Miscellaneous Fee Schedule* is located online at https://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule.

2

of completing a postpetition instructional course concerning personal financial management, a requirement under Fed. R. Bankr. P. 4004(c)(1)(H) and 4004(c)(4) for obtaining a discharge, and seeks to reopen the case to file the required certificate and to obtain a discharge. *See Bankruptcy Fee Compendium III* at pp. 74-75 (June 1, 2014 ed.) (discussing the exemption from the reopening fee when the case is reopened to file an action related to the debtor's discharge, and stating: "This exemption is inapplicable to cases closed or dismissed in which the court declined to enter a discharge because the debtor failed to certify it underwent the required debtor education course.").[2]

In *In re Knight*, 349 B.R. 681, 686-87 (Bankr. D. Idaho 2006), the court held that in appropriate circumstances, the reopening fee can be waived even when the debtor failed to obtain a certificate of debtor education prior to the closing of the case. *See also In re Storey*, No. 08-00198, 2010 WL 2164428, at *2 (Bankr. D.D.C. May 28, 2010) (discussing *In re Knight* and concluding that the debtor in *In re Storey* had not shown appropriate circumstances for a waiver); *In re Deterville*, No. 6:10-bk-03536-ABB, 2012 WL 1509148 (Bankr. M.D. Fla. April 30, 2012) (finding waiver appropriate where a debtor's failure to

---

[2] *Bankruptcy Fee Compendium III* is located on the court's website at https://www.dcb.uscourts.gov/sites/dcb/files/Fee_Compendium_Jun_2014.pdf.

complete the financial management course was due to being called to active military service); *Bankruptcy Fee Compendium III* at p. 12 (June 1, 2014 ed.) ("The Judicial Conference has provided exceptions to the fee, and the court may either waive or defer the reopening fee for good cause"). In other words, the requirement that "[t]he reopening fee must be charged when a case has been closed without a discharge being entered" can be disregarded when the court decides to waive the fee pursuant to the provision that "[t]he court may waive this fee under appropriate circumstances . . . ." Nevertheless, when the debtor failed to file a certificate of debtor education, the granting of a waiver should be an exceedingly rare occurrence.

In this case, the debtor filed the required certificate of debtor education well prior to the closing of the case. However, the case was dismissed on January 2, 2019, because the debtor had not completed paying the filing fee. On January 28, 2019, which was 26 days after the dismissal of the case, the debtor completed paying the filing fee. The debtor filed a motion to vacate the dismissal order 11 days later on February 8, 2019. In the meantime, on February 6, 2019, the Clerk had closed the case, but the debtor was not notified regarding the closing of the case. It appears that it was only happenstance that the case was closed before the debtor filed his motion to vacate the dismissal order.

The debtor was proceeding in this case without counsel, and

when he completed paying the filing fee he likely was unaware of the consequences of a closing of the case or that a closing of the case was imminent. I could require the debtor to file a motion to reopen the case and to pay the $260 in fees related to filing a motion to reopen, namely, the $245 fee under Item 11 of the *Bankruptcy Court Miscellaneous Fee Schedule* and the $15 fee under Item 9 of the *Bankruptcy Court Miscellaneous Fee Schedule* for the fee charged under 11 U.S.C. § 330(b)(2).[3] However, the debtor obviously had difficulty paying the $335 in fees imposed on him for filing the petition commencing the case, and charging him $260 for filing a motion to reopen would saddle him anew with a substantial fee.

Although literally this case was closed without a discharge being entered, it is not a case in which the debtor failed to file a certificate of debtor education, but one in which he appears to have struggled to complete paying the filing fee for the case. The debtor is entitled to attempt to have the dismissal order vacated. Creditors will not be prejudiced by the

---

[3] Upon reopening the case, no trustee would be appointed. In that circumstance, it makes little sense for Item 9 of the *Bankruptcy Court Miscellaneous Fee Schedule* to require the $15 fee (designed under § 330(b)(2)(B) "to pay $15 to trustees serving in cases after such trustees' services are rendered"). In any event, the waiver authority under Item 11 of the *Bankruptcy Court Miscellaneous Fee Schedule* regarding the fee for filing a motion to reopen is treated as extending as well to the $15 fee under Item 9 of the *Bankruptcy Court Miscellaneous Fee Schedule* owed upon filing a motion to reopen.

court's reopening the case in order for the court to address the motion to vacate the dismissal order, and they will be given the opportunity to oppose that motion.  In these circumstances, it does not make sense to saddle the debtor anew with substantial fees for filing a motion to reopen, raising a new hurdle he must clear before he obtains a discharge if he succeeds upon reopening in obtaining a vacating of the dismissal order.

One alternative would be for the court to direct that fees for filing a motion to reopen be paid in installments.  However, requiring payment of the fee in installments would impose on the debtor a new burden that he might struggle to meet, would prolong the administration of the case (imposing a burden on the Clerk's office), and, if the dismissal order is vacated, would prolong the continuation of the automatic stay in the case until the debtor receives his discharge.  Such delay would be adverse to the interests of creditors who hold any nondischargeable claims or liens that will be unaffected by the discharge.

An alternative would be for the debtor to file a new case, incur the $335 in fee obligations for filing the new case, and subject himself to all of the obligations imposed on a debtor in a new bankruptcy case (for example, obligations to file various papers such as schedules, to attend a meeting of creditors, and to take a debtor education course after the filing of the new case if he is to obtain a discharge in the new case).  Making the

debtor go through those hoops would be unjust if he is entitled upon a reopening of the case to a vacating of the dismissal order. The debtor missed by only two days filing his motion to vacate the dismissal order before the closing of the case. It would not make sense in these circumstances to impose on him the substantial fees for filing a motion to reopen. I conclude that this is one of those rare cases in which it would be appropriate not to charge the debtor any fees for filing a motion to reopen.

The debtor has not filed a motion to reopen, and reopening is a necessity if the court is to address the motion to vacate the dismissal order. In lieu of requiring a motion to reopen, I will *sua sponte* enter an order reopening the case, and giving creditors notice of the opportunity to oppose the motion to vacate the dismissal order. If, after the case is reopened, I enter an order granting the motion to vacate the dismissal order, I will direct the Clerk immediately to grant the debtor a discharge and to proceed anew to close the case. Similarly, if the motion to vacate is denied, the case will be closed anew.

An order follows, consistent with the foregoing.

[Signed and dated above.]

Copies to: Debtor; e-recipients.